**MONTANA MILLWORK, INC., and Billings Sash & Door Company, Plaintiffs,**

v.

**CARADCO CORPORATION, Defendant.**

**No. CV 85–323–BLG–JFB.**

United States District Court,
D. Montana,
Billings Division.

July 10, 1986.

Thomas E. Towe, Billings, Mont., for plaintiffs.

Herbert Pierce, III and William Lambdin, Billings, Mont., for defendant.

BATTIN, Chief Judge.

Presently pending before the Court is defendant's motion to dismiss the complaint. For the reasons stated below, the motion is granted.

## FACTS AND CONTENTIONS

On October 6, 1985, plaintiffs filed this action alleging defendant breached an agreement, as set forth in a letter dated November 25, 1980, to purchase from plaintiffs seventy-five to one hundred mbf of pine cutstock per month. A satisfactory delivery, price and quality agreement was agreed upon by the parties, and on or about December 1, 1980, defendant placed its first order for 12,533 bft. Plaintiff thereafter filled shipment orders through July 1981, the amounts ranging between 93,060 bft and 8,231 bft. No further orders were placed after the July shipment.

Plaintiffs claim damages generally in the form of loss of profits and business failure as a result of defendant's breach of the agreement. Plaintiffs contend a reason-able duration of the agreement would run five years. Defendant moves to dismiss the complaint contending the action is barred by the four-year statute of limitations applicable to the sale of goods pursuant to the Uniform Commercial Code (UCC), Mont.Code Ann. § 30-2-725. In response, plaintiffs assert the agreement is not a contract for the sale of goods but is either a commitment to place orders in the future or a mixed contract for goods and services, namely the provision of technical assistance in producing the goods. As such, it is argued the agreement is governed by an eight-year statute of limitations, Mont.Code Ann. § 27-2-202. Plaintiffs also argue that even if the four-year statute of limitations does apply, the breach is a continuing one and therefore recovery is not barred for breaches occurring after October 18, 1981.

## DISCUSSION

Article II of the UCC applies to all transactions involving the sale of goods. Mont.Code Ann. § 30-2-102. "Goods" are generally defined as all things tangible, existing and identified, which are movable at time of identification to the contract for sale. Mont.Code Ann. § 30-2-105. A "sale" consists of the passing of title from the seller to a buyer for a price, and a "contract for sale" includes both a present sale of goods and a contract to sell goods as a future time. Mont.Code Ann. § 30-2-106.

In the present case, the agreement calls for the sale of pine cutstock on a monthly basis. The lumber is clearly a "good" and the agreement a "contract for sale" as those terms are defined above. Plaintiffs' characterization of the agreement as a commitment to enter into title transfers in the future is not convincing. Rather, the agreement plainly imparts a contract for the sale of goods at a future date.[1] Al-

1. The letter of November 25, 1980, evidencing the agreement states, in part:
   I am pleased to acknowledge that we desire to purchase seventy-five (75) to one hundred (100) mbf of 5/4 and 6/4 pine cutstock per month from Montana Moulding Company. This commitment will be based upon our reaching satisfactory delivery, price, and quality agreement.

though actual passage of title to the lumber did not occur at contract formation, the contract firmly establishes the parties' present intention to pass title via the monthly orders. Accordingly, a prima facie case is established for governance by the provision of Article II of the UCC.

Although a contract involves a transaction in goods, it is removed from Article II if the sale of goods is incidental to the rendition of services. In determining whether a contract is one of sale or service, the Court must look to the essence of the agreement; if a sale of goods predominates, incidental services provided do not alter the basic transaction. *RRX Industries, Inc. v. Lab-Con. Inc.*, 772 F.2d 543, 546 (9th Cir.1985). It is plaintiffs' view the agreement in question calls for the rendition of services because defendant agreed to offer technical assistance in the fields of ripping, cutting, and fingerjointing. Notwithstanding this fact, the Court cannot conclude the purpose or thrust of the contract is for the rendition of services. The essence of the contract is for the sale of lumber with incidental services to be offered. Based on the foregoing, the Court concludes the contract falls within the provisions of Article II of the UCC.

Pursuant to § 30-2-725, Mont.Code Ann., an action for the breach of a contract for the sale of goods "must be commenced within four years after the cause of action has accrued." Thus, it is critical in the instant case to determine the date upon which the breach occurred thereby triggering the cause of action. Plaintiffs contend the contract required monthly orders between 75 and 100 mbf. Accepting for the moment the contention as true, failure by defendant to place an order within this range in any given month constituted a breach. It is undisputed that defendant's initial order of 12,533 bft failed to meet the minimum order level.[2] Thus, a cause of action for breach of the contract accrued, according to plaintiffs' contention, as of December 1, 1980, the date of the first order. In order to fall within the statute of limitations, plaintiffs must necessarily have filed suit on or before December 1, 1984. Plaintiffs did not file suit until October 16, 1985, in excess of 10 months beyond the statutory period allowable. Even if the contract was not breached as described, defendant certainly breached the contract by not placing orders subsequent to July, 1981. In such event, suit will be barred unless filed by August, 1985, approximately two months prior to plaintiffs' filing. In sum, the Court concludes that, based upon either of the events described above, the four-year statute of limitations had run on plaintiffs' claim at the time of filing.

Addressing plaintiffs' final contention, the Court is not persuaded to find the breach a continuing one. Section 30-2-309(2) states "[w]here the contract provides for successive performances but is indefinite in duration it is valid for a reasonable time but unless otherwise agreed may be terminated at any time by either party." The agreement in question is of indefinite duration. Plaintiffs contend a reasonable duration is five years. The Court does not agree. What is "reasonable" depends upon the nature, purpose, and circumstances of the transaction involved. Given the facts at hand and the course of conduct between the parties, a reasonable duration certainly fails to approach five years in length and should be more narrowly drawn to the monthly placement of orders.[3] It is reason-

---

Whether this writing in fact formed a binding contract is not controlling. Neither plaintiffs nor defendant deny the existence of the agreement but contest only the effect to which it is given. Any dispute as to formation of the contract, and its particulars, is resolved by the parties' conduct in effectuating the agreement in December of 1980 and thereafter. *See* § 30-2-204, Mont.Code Ann.

**2.** In fact, of the seven orders placed only the March, 1981, order exceeded the 75 mbf minimum.

**3.** A contract of indefinite duration is terminable at any time provided reasonable notice is given. § 30-2-309(2), (3), Mont.Code Ann. In light of all the circumstances, the Court would not find it unreasonable had defendant given notice of termination with its final shipment order. In

able to expect, absent notice to the contrary, the agreement would continue for the month next following the last shipment order. Thereafter, it is not unreasonable to conclude the agreement was terminated if no order was forthcoming. In other words, and with special attention given to the indefinite duration of the contract, defendant's failure to promptly place an order for August shipment signalled termination of the contract. At this point plaintiffs' cause of action had fully ripened. Consequently, the Court finds the contention of a continuing breach without merit.

Finding the action to be barred by the four-year statute of limitations,

IT IS ORDERED that defendant's motion to dismiss the complaint is granted.

The Clerk is directed forthwith to notify counsel for the respective parties of the making of this order.

such a case, the Court would be inclined to hold that, for duration purposes, the contract was not breached by a failure to place subsequent orders.